# STEAM STONE CUTTER COMPANY v. SCOTT et al., Appellants.

## Division One, June 30, 1900.

1. **Dissolved Corporations:** SUIT AGAINST STOCKHOLDERS: STATUTE. Where a corporation has dissolved, leaving debts unpaid, each of its stockholders is liable therefor to an amount equal to his unpaid stock, and this liability exists independent of sections 2517 and 2519, R. S. 1889. Those statutes give a more efficacious remedy for enforcing the liability of the stockholders, but they do not attempt to make him liable beyond the amount he owes the corporation for the stock.

2. **Corporations:** UNPAID STOCK: FALSE CREDIT: LIABILITY OF STOCK-HOLDERS. If stockholders make false representations about the amount of the corporation's paid up stock and thereby obtain for it a credit to which it is not entitled, such stockholders are jointly and severally liable at common law for the debts of the corporation contracted on the faith of such representations and remaining unpaid at the time of its dissolution, although one or more of them may not be indebted at all to the corporation for subscriptions unpaid.

3. ————: EXPERT TESTIMONY. Men who show more knowledge of the property in controversy, resulting from their avocations and experience in handling such property, than men not engaged in a business which brings them into familiar contact with it, and give an intelligent scale by which their opinions may be weighed, are competent witnesses as to the value of the property turned over to the corporation by the respective stockholders at the time of its organization.

4. ————: DISSOLUTION: LIABILITY OF STOCKHOLDERS: WEIGHING EVIDENCE. A suit to compel the stockholders of a dissolved corporation to pay its debts, is an action at law, whether it be under the statute that they owe for their stock, or at common law on the ground that the plaintiff creditor was injured by the false representation of the company as to the amount of its stock which had been paid up or the grossly excessive valuation of the stock turned over to it as so much money. And being an action at law, if there is any substantial evidence to support the finding of the trial court sitting as a jury, this court will not interfere on the ground that the preponderance of the evidence was for the appellant.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*Merrifield W. Huff* and *Francis M. Wolf* for appellants.

(1) The section of the statute under which this suit is brought is in conflict with section 9 of article 12, of the Constitution, and hence void. The latter section provides that "in no case shall any stockholder be individually liable in any amount over or above the amount of stock owned by him or her." The section was adopted during the time that stockholders of corporations were subjected to payments of debts to the extent of double the amount of their stock. (2) In this proceeding the court will look into all the testimony and decide the case according to the weight of the evidence. Shickle v. Watts, 94 Mo. 410; Leucke v. Tredway, 45 Mo. App. 507; Van Cleve v. Berkey, 143 Mo. 109.

*E. P. Mann, G. M. Sebree* and *W. D. Tatlow* for respondent.

(1) There is nothing in appellant's point that section 2519, R. S. 1889, now section 987, Revised Statutes 1899, is unconstitutional, in that it is in conflict with section 9 of article 12 of the Constitution. This contention is based upon the assumption that this statute makes a stockholder liable for the entire debts of the corporation, without reference to the amount of stock held by said stockholder, or whether the stock was fully paid or not. In order to get this basis for this constitutional objection to the statute, it is necessary for appellants to entirely ignore the decisions of the courts of

this State construing this statute. The courts of this State have repeatedly decided that this section gives to the general creditors of a dissolved corporation a similar remedy against the stockholders therein whose stock has not been paid in full, as is given to judgment creditors against such stockholders under section 2517. Sears v. Missouri Mort. Loan Co., 56 Mo. App. 122; State Savings Ass'n v. Kellogg, 63 Mo. 543; Bittner v. Lee, 25 Mo. App. 559; Perry v. Turner, 55 Mo. 418; Chouteau v. Dean, 7 Mo. App. 210; Bank v. Gallaher, 43 Mo. App. 482; Van Cleve v. Berkey, 143 Mo. 131. This section simply obviates the necessity of a judgment, execution, and *nulla bona* return to enable the creditor to proceed against the stockholders to compel them to perform their obligations as stockholders. It relates to the remedy and has no reference to the substantive law, and hence it is not inconsistent with said section 9 of article 12 of the Constitution. (2) This action is one at law and not in equity. Perry v. Turner, 55 Mo. 418; Bank v. Gallaher, 43 Mo. App. 482; Sears v. Mo. Mort. Loan Co., 56 Mo. App. 122; 3 Thompson on Corp., sec. 3468. The cases of Schickle v. Watts, 94 Mo. 410, and Van Cleve v. Berkey, 143 Mo. 109, cited by appellants to show that this is an action in equity, do not sustain their position. These cases simply show that a bill in equity is a concurrent remedy with the statutory remedies for the enforcement of stockholders' liabilities. This we do not deny. (3) The record in this case conclusively establishes that the cause was treated, considered and tried by all parties as an action at law; hence appellants can not now change front, and have the cause tried in this court as an action in equity, as they are bound by their position in the trial court. Whitestone v. Shaw, 70 Mo. 575; Walker v. Owen, 79 Mo. 563; Tomlinson v. Ellison, 104 Mo. 105; Whitemore v. Lodge, 100 Mo. 47; Jennings v. Ry. Co., 99 Mo. 394; Jennings v. Dunham, 50 Mo. App. 635; Scott v.

Nevada, 56 Mo. App. 189; Querback v. Arnold, 55 Mo. App. 286; Brooks v. Yocum, 42 Mo. App. 616; Nance v. Metcalf, 19 Mo. App. 183; Mantz v. Maguire, 52 Mo. App. 149.

VALLIANT, J.—Defendants are sued as stockholders in a dissolved corporation on three notes issued by the corporation to plaintiff.

The first count of the petition contains statements to the effect that the defendants organized the corporations with an ostensible capital of $70,000, divided into 700 shares, which were all taken by themselves except two shares given one each to two other persons named, to enable them to organize; the number of shares taken by each defendant is stated and they aggregate 698; that the articles of association upon which the defendants obtained the charter stated that the full amount of the capital stock was paid in lawful money of the United States, but in truth not more than ten per cent of it was paid, and that not in money but in property conveyed by defendants to the corporation, which constituted its whole capital stock; that the defendants severally named respectively owe for their stock $20,340, $34,550, and $7,920; "that said property was conveyed to said corporation at a grossly excessive valuation, and was fraudulently and intentionally so conveyed by said parties to said corporation, with the fraudulent intention on the part of said defendants to organize a corporation with an apparently large capital stock as fully paid up, and thereby obtaining a credit for such corporation to an amount far in excess of what the amount actually paid said corporation on the stock would justify; and with the fraudulent purpose on the part of said defendants by said pretended and sham payment of said stock of exempting themselves from liability to the creditors of said corporation for such unpaid stock as they then and

now hold;" that the defendants then fraudulently repre-sented to plaintiff that the stock was paid in full and thereby induced plaintiff to extend to the corporation the credit which resulted in the debt sued for; that afterwards the corporation was in fact dissolved leaving the debt unpaid, which in the first count is a note for $1094.97, for which judgment is prayed. The second and third counts are like the first except that each is on a different note for $1,000 each.

The answer admits the organization of the corporation, denies the other allegations of the petition, and avers that the debts were not to be paid within one year and that no suit was brought against the corporation within one year after the debts became due. Replication, general denial.

When the cause came on for trial a jury was waived and it was tried by the court on the pleadings and proof.

On the part of the plaintiff there was substantial evidence tending to prove all the allegations of the petition, and on the part of the defendants there was substantial evidence tending to show that their conduct was honest and that the property conveyed to the corporation was worth the amount of the stock.

The court found for the plaintiff on all the issues and made special findings that at the dissolution of the corporation it was indebted to the plaintiff on the note sued on in the first count in the sum of $1,425, on that in the second count $1,565, on that in the third count $1,565, and in all $4,555, and that each of the defendants was indebted to the corporation on his stock subscription in an amount in excess of that sum, and judgment against all the defendants for $4,555 and costs was rendered, from which in due course defendants have appealed.

I. The first point presented in the brief for appellant is that section 2519, Revised Statutes 1889 (now sec. 987, R. S. 1899), under which it is assumed plaintiff's suit is

brought, is in violation of section 9, article 12, of the Constitution, which limits the liability of a stockholder to "the amount of stock owned by him or her." The argument is that the statute undertakes to render the stockholder liable regardless of the quantity of stock he holds or of his indebtedness to the corporation for the same. But the argument is founded on a misapprehension of the meaning of the statute.

This section is *in pari materia* with section 2517 and both are designed merely to afford remedies, not to render stockholders liable where they were not before liable. Section 2517 provides that after an ineffectual execution against a corporation, the court which rendered the judgment may, on motion and due proceedings thereunder, issue execution against the stockholder to the extent of his unpaid stock holdings, and section 2519 affords a remedy by suit against the stockholder on the same account when the corporation is dissolved leaving debts unpaid. The stockholder as such is liable to the extent of his unpaid subscription independent of the provisions of those sections, but the remedies there given to the creditor are much more speedy and efficacious than before existed. The statute does not attempt to make the stockholder liable beyond the amount he owes the corporation for the stock. [Perry v̇. Turner, 55 Mo. 418; Van Cleve v. Berkey, 143 Mo. 109.]

Besides, under the allegations of the petition and the findings of the court the defendants are liable independent of the statute, upon the ground that they made false representations upon which they induced the plaintiff to give the credit to the corporation that resulted in the debt sued for. Under that theory the defendants are jointly and severally liable at common law although one or more of them may not have been indebted at all to the corporation.

II. It is next complained that the court admitted in-

competent evidence.    This relates to the opinions of so-called
experts as to value of the property, the assessment lists, and
the account books of defendants, showing the trial balance,
etc.

The so-called expert witnesses were first examined and
cross-examined to show what experience they had had in
handling that kind of property, which was a stone quarry.
One was shown to be a builder, stonemason and contractor;
another, was a stonecutter and builder; and a third, was a
lime-burner who had bought and sold quarries.    They all
showed more knowledge of such property, resulting from
their avocations and therefore better information on which
to found an opinion, than men who are not engaged in a busi-
ness which brings them into familiar contact with that kind of
property, ordinarily possess.    Having first stated the extent
of their experience they gave the trier of the fact an intel-
ligent scale with which to weigh their opinions and determine
what, if anything, they were worth.    The testimony was
competent.

The objection to the assessment lists is based on the
ground that they were not sworn to.    These were the official
lists on which the defendants paid their taxes and whilst not
conclusive, and not even entitled to as much weight as they
would have been if sworn to by the defendants themselves,
were still lists to which they as taxpayers had given their
assent either actual or implied and were legitimate evidence
to be thrown into the scales with the rest.    The defendants'
account books as a firm showing the firm's trial balance, and
showing therein the values at which those quarries were
carried in the firm's accounts, were undoubtedly competent
evidence as admissions of defendants on the point in dispute.
We see no error in the court's ruling on the evidence.

III.    The counsel for appellants in their brief say:
"We now come to the last point in the argument and the one

on which we rely with greater confidence than any of the others, and that is that, all the evidence considered, the court should have found for the defendant." The learned counsel then enter into an argument arraying the evidence for plaintiff and defendants to show that the decided preponderance of the evidence was for the defendants. But this is a plain action at law in which the verdict of the jury or the finding of the trial court out of conflicting evidence is not a subject for review in the appellate court when, as here, there is substantial evidence to support it. Shickle v. Watts, 94 Mo. 410, and Van Cleve v. Berkey, 143 Mo. 109, to which we are referred and on which the counsel rely, were both creditors' bills in equity. This suit, however, whether it be under the statute to recover on the ground that defendants owe for their stock or at common law on the ground that plaintiff was injured by the alleged false representations, is an action at law and nothing more.

We find no error in the record and therefore the judgment is affirmed.

All concur.