SUBELIA, Respondent, v. JELGERHUIS, Appellant.

(144 N. W. 125.)

**1.  Appeal—Error—Postponement of Trial—Costs on Postponement —Question Not Raised—Exceptions.**

Where trial court, on defendant's motion, as matter of grace, granted him a continuance on payment of costs occasioned by the postponement, which the court found to be $50, defendant, having failed to object that proof did not show costs in that amount, on a hearing on plaintiff's motion for judgment for defendant's failure to comply with the order, and having failed to except thereto, held, he is not entitled to a review, on appeal, of question whether the amount was excessive.

**2.  Continuance—Application, At Whose Request—Conditions.**

Where defendant applied for a continuance on the case being reached for trial, and same having been granted as matter of grace on condition that he pay costs fixed at $50, the entire order, including the condition, will be regarded as having been made at his request.

**3.  Trial—Jury Trial—No Notice of Trial—Waiver—Continuance.**

An action to recover money only, triable to a jury, having been reached for trial, defendant, who had served no notice of trial, applied for a continuance, which was granted as matter of grace, on condition that he pay $50 costs, the order further providing that if he should fail to pay such sum within a specified time, plaintiff might proceed to prove his case before the court at any place within the circuit, on notice. **Held**, that by accepting the terms of the order, defendant waived his constitutional right to demand a jury trial, and to have the case heard at a regular term on his failing to pay the amount specified.

**4.  Continuance—Place of Trial—Waiver.**

Where an order, granting a continuance to defendant as matter of grace, was conditioned on his paying $50 costs, failing to pay which plaintiff might prove his case before the court at any place within the circuit on notice to defendant, defendant having accepted the terms of the order and failed to pay same, **held**, it was not error for the court to try the case in another county in the circuit than that in which the suit was instituted.

(Opinion filed Dec. 5, 1913.     Rehearing denied Feb. 7, 1914.)

Appeal from Circuit Court, McCook County.    Hon. JOSEPH W. JONES, Judge.

Action by E. E. Subelia against Nicholas Jelgerhuis, to recover a money judgment.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*P. W. Scanlan,* for Appellant.

A court's proceedings in trying an issue of fact at a time other than that provided by law will render a judgment irregular and voidable. Lockard v. Lockard, 21 S. D. 134, 110 N. W. 104.

The records are silent as to how fifty dollars is ascertained, if it were ascertained, to be the costs occasioned the plaintiff by the postponement, but as it is plain plaintiff has not lost his remedy, it would be unjust that a failure to pay within thirty days would in effect dismiss the answer of the defendant. No such power has been given the circuit court in case of the postponement.

Art. VI., Sec. 2 and Sec. 6, Constitution; Rev. Code Civ. Proc. Sec. 275: Lumley v. Miller, 23 S. D. 16, 119 N. W. 1014; Art. V., Sec. 14 Constitution of South Dakota; Sec. 33 Code Civ. Proc., Bennett v. Rolya, 1 S. D. 167, 46 N. W. 188. Issue of Fact must be tried at regular term of circuit court when tried by jury. Sec. 245 Code Civ. Proc. An issue of fact for the recovery of money only must be tried by jury. Sec. 244 Code Civ. Proc. Art. VI., Sec. 6, Constitution; Huron v. Carter 5, S. D. 4, 57 N. W. 947; Burlieg v. Heicht 22, S. D. D. 301, 117 N. W. 367.

Plaintiff's motion for trial before the court at chambers gave no right to plaintiff to offer his testimony, nor the court to enter findings of fact or render a judgment herein, and on motion for new trial the trial court was bound to grant the defendant's motion for want of jurisdiction.

Hawes on Jurisdiction of Courts, Secs. 4,9.

Notice of trial in this case could not begin to run until the adjudication of defendant's default, if at all. The fact that this cause was on trial of issues of fact by jury does not dispense with a notice of trial and a note of issue of fact for trial by the court. Oswald v. Moran, 82 N. W. 741.

*E. H. Wilson,* for Respondent.

The court had the right to make the order in question, as made. Schlachter v. St. Bernard Roman Catholic Church, 20 S. D. 190; Bagley v. Ostrom, 5 Hill 516; Booth v. Whitby, 5 Hill

446; Pomeroy v. Bell, 118 Cal. 635; 50 Pacific Reporter, 683. Defendant did not notice his cause for trial, and by reason thereof had no control or voice in saying whether the cause should be brought on for trial or not.

GATES, J. This was an action based upon a money demand. Plaintiff noticed the cause for trial by jury. The defendant served no notice of trial, and filed, and no note of issue. On November 16, 1912, the cause was reached for trial. There upon the court made an oral order in substance as hereinafter shown, and adjourned the November term of said court within and for McCook county sine die. Said order was thereafter reduced to writing and entered, and same was served on defendant's attorney on November 22, 1912. The order is as follows: "The above entitled action being regularly placed upon the calander for trial by notice of trial duly served by the plaintiff, the defendant not having served any notice of trial, and the said cause being so regularly upon the calendar for trial at the Nov., 1912, term of said court, upon the issues joined by the complaint and answer, and said cause being duly reached for trial upon the call of the calendar for said term on the 16th day of November, 1912, and the plaintiff announced himself ready for trial and being in court with his counsel and witnesses ready for trial, and the defendant appearing by his counsel, P. W. Scanlan, and the said counsel announced that said defendant was not ready for trial, that he was not present, but said counsel announced that he had a telegram from the said defendant, stating that he was in the city of Chicago in the State of Illinois, and said court having considered the pleadings and listened to what the respective counsel had to say,, and against the objections of the plaintiff, and upon the request of the said defendant, although there being but slight diligence shown on the part of the defendant, yet upon the showing and in furtherance of justice the court, as a matter of justice and in the furtherance thereof, concluded that the said cause should be continued, upon the defendant paying the cost occasioned by the postponement, and which cost is shown to be approximately $50. Thereupon, and on motion of the defendant's attorney, it was by the court ordered that the cause

be, and the same is hereby, continued over the term, upon said defendant paying to E. H. Wilson, plaintiff's counsel, for said plaintiff within 30 days from and after the 16th day of November, 1912, the sum of $50 as costs, and the court made the further order that if said defendant should fail to pay said $50 within the time aforesaid, said plaintiff might proceed to prove his cause of action before the court at any place within said circuit upon notice to said defendant, and that all proceedings in this action on the part of the defendant be, and the same are hereby, stayed until the payment of said $50 within the time aforesaid. Done in open court in said circuit this 16th day of November, 1912. By the Court: Joseph W. Jones, Judge. Attest: Frank W. Mitchell, Clerk. (Seal.)" This order was not excepted to by defendant. On December 21, 1912, plaintiff served on defendant's attorney a notice of motion for judgment, based on an affidavit served therewith, showing that defendant had failed to comply with the terms of said order of November 16, 1912. Said motion was made returnable at Sioux Falls in the county of Minnehaha in said circuit, on January 2, 1913. Upon the return day, defendant appeared and filed the following written objections to granting the motion: "This action was commenced in the circuit court of McCook county, S. D., issue joined by the pleadings therein upon questions of fact triable by the jury, and is now pending in the said circuit court of McCook County, S. D., and that Sioux Falls is without the said county; that the said action was upon the trial calendar of the circuit court of said McCook county at the regular November, 1912, term thereof, and by the court continued to and set for trial at the regular April, 1913, term of said circuit court of McCook county; that no change of place of trial has been taken herein, and trial by jury has not been waived by the defendant; that the defendant demands a trial by jury in the circuit court of the county of McCook, state of South Dakota, upon the issues joined by the pleadings, within the county of McCook, at a regular term of said court." No excuse was offered by defendant for his failure to pay the terms imposed as a condition for granting the continuance. No objection was then raised to the amount of such terms. The trial court overruled said objections, and thereupon plaintiff proceeded to

prove his case before the court without a jury. Defendant offered no evidence, nor did he request further time to produce evidence. Thereupon the trial court made and entered findings of fact and conclusions of law and judgment for the plaintiff. From this judgment and from an order denying a new trial, defendant appeals.

[1]    The alleged errors argued are those previously set forth in defendant's objections to the motion for judgment, and the further assignment that the amount of the costs imposed for the continuance was excessive, and that plaintiff produced no proof that the costs did amount to the sum designated. This last objection is not before us. The trial court in its order of November 16, 1912, expressly found that the cost of such continuance amounted approximately to $50. By failing to except to that order, and by failing to raise such objection at the time of the hearing on the motion for judgment, and because of other reasons hereinafter shown, the defendant may not now be heard to raise that objection.

[2, 3]    The other objections must likewise be overruled. The order of November 16, 1912, was made at defendant's request. It is so recited in the order. The defendant may not be permitted to say that, while the order continuing the case was at his request, the other provisions of the order were not. No claim is made but that the written order substantially embodied the terms of the oral order announced in open court. The trial court certainly extended to defendant an unusual privilege. He had shown but slight diligence in preparing for trial at the November term of court. He had made no showing at all in the manner required by the rules of court. If any one had the right to complain of that order it was the plaintiff, not the defendant. By accepting the terms of the order, as he did from November 16, 1912, to January 2, 1913, the defendant waived his constitutional right to demand that the trial be by jury, if indeed he had not already done so by failing to give notice of trial. He thereby made of it a court case. He also waived his right to have the case tried at a regular term of court.

[4]     It is not error for a trial court to try a court case in another county in the circuit, where the parties consent thereto or waive objections thereto. Lockard v. Lockard, 21 S. D. 134, 110 N. D. 104. A careful examination of the record fails to show that any prejudice has resulted to defendant by the proceedings had.

The judgment and order denying a new trial are affirmed.