OWENS, Respondent, v. REED, Appellant.

(153 N. W. 1093.)

(File No. 3679. Opinion filed September 29, 1915.)

1. **Trial—Right to Jury Trial—Notices of Trial—Exception to Ruling —Term—Jury's Discharge—Waiver of Jury Trial.**

Where a cause was noticed by respondent for trial to jury, and by appellant for trial to court, and the court, on preliminary call of calendar, announced it deemed the case one for trial to the court, appellant taking no exception to such ruling, but for the first time objected to case being tried as a court case upon its being called for trial, the jury having been previously discharged for the term, held, that appellant, by failing to except to court's ruling placing case on court calendar, at the time, waived his right to a jury trial.

2.  **Landlord and Tenant—Accounting for Crop Shares—Finding—
    Sufficiency of Evidence.**

In a suit by landlord against tenant, to recover for, among
other things, the value of certain corn grown upon land, **held,**
the evidence sustains the finding of certain dues to plaintiff for
certain corn for a certain year.

3.  **Same—Recovery for Oats Sold—Right of Possession—Payment
    in Wheat—Division of Wheat, Tenant's Right to.**

Under a farm lease providing that possession and title to all
grain grown thereunder should remain in landlord until division
of grain, which division should take place after tenant had fully
performed the covenants for that year, landlord reserving the
right to retain, from tenant's half of grain that would other-
wise go to him, sufficient to repay any indebtedness from tenant
to landlord; and, under a supplementary agreement, tenant pur-
chased of landlord the latter's share of oats grown in a certain
year, payment to be made out of what would be tenant's share
of wheat grown that year, no time being fixed for such payment;
**held,** that tenant had no right to take possession of, and claim
as his own, the one-half of such wheat for such year, as suffi-
cient thereof to pay for the oats belonged to landlord.

Appeal from Circuit Court, Spink County.    Hon. ALVA E.
TAYLOR, Judge.

Action by John Owens against M. B. Reed, to recover value
of plaintiff's share of certain crops grown upon his land under a
lease and supplementary contract, and other indebtedness.    From
a judgment for plaintiff, and from an order denying a new trial,
defendant appeals.    Affirmed.

*Sterling & Clark,* for Appellant.

*Morris & Moriarty,* for Respondent.

WHITING, J.    Plaintiff, being the owner of a large tract of
farming land, entered into a contract with defendant whereby de-
fendant agreed to enter into possession of and till the cultivated
portions of such land during the farming seasons from October 1,
1910, until October 1, 1915.    Defendant was to pay a cash rental
for the hay and pasture land.    The contract provided that posses-
sion and title to all the grain grown under said contract should
remain in the owner of the land until the division of such grain,
which division should take place after defendant had fully per-
formed, for that particular year, the covenants of said contract
upon his part.    The owner of the land had a right to retain, from
the grain that would otherwise go to the defendant, being one-

half thereof, sufficient thereof to reimburse him for any advances made to defendant, and to repay any indebtedness which defendant might owe him. Supplementary to said contract, the parties entered into another contract whereby defendant was to purchase of plaintiff, at 40 cents per bushel, plaintiff's share of the oats grown during the season of 1913, which payment for said oats was to be made out of the share of wheat that would, upon division, belong to defendant. In December, 1913, plaintiff brought this action, which he contends is one in equity, and wherein he sought to recover the value of certain corn, raised in 1912 under such contract, and which he claims was unaccounted for, cash rental for the hay and pasture land for the year 1913, and the amount which he claimed to be due him from defendant for the oats raised in 1913, which oats defendant had taken possession of. Certain other claims were made in the complaint, and certain relief asked for, which, for the purposes of this appeal, it is unnecessary for us to consider. Defendant answered, denying that he had failed to account for the 1912 corn, or any part thereof, and alleging a full settlement for the year 1912. He admitted that he would be owing the amount claimed as cash rental for hay and pasture land and the amount claimed for the 1913 oats, if it were not for affirmative matters alleged by him. Defendant alleged that at the time this action was brought no cause of action had yet accrued, and by way of counterclaim he pleaded certain damages which he claimed to have suffered through an alleged breach of the contract. Trial was had to the court without a jury, findings and conclusions were entered in favor of the plaintiff, judgment rendered thereon, and from such judgment and an order denying a new trial, this appeal was taken by defendant.

[1] Appellant contends that the court erred in holding this to be a court case and refusing a trial by jury. Appellant states that he noticed the cause for trial as a jury case; that, upon the preliminary call of the calendar, the trial court determined that it was a court case; that he took exception to such holding; and that, when the case was called for trial, he objected to its being tried as a court case, and saved his exception to the action of the court in trying the same as a court case. Respondent states that he noticed the cause as a court case, and that, when the cause was called upon the preliminary call of the calendar, and the question

of the nature of the case presented to the court, the court announced that it considered it a court case, and that the appellant did not in any manner except to such ruling; that after the jury had been discharged for the term, and when the cause was called for trial, defendant objected to the cause being tried as a court case, and then for the first time excepted to the ruling of the court holding it to be a court case. An examination of the original record shows respondent's statement to be correct. It therefore becomes unnecessary for us to determine whether or not this was properly a court case. Appellant waived his right to a jury trial when he did not timely except to the ruling of the court placing the same on the court calendar, and when, without such exception, he allowed the jury to be dismissed.

[2-3] Appellant contends that no cause of action had accrued at the time of the commencement of this action: First, because the evidence wholly fails to sustain the court's finding that there was anything due for the 1912 corn; and, second, because there was nothing yet due on the rental of the hay and pasture land, or for the 1913 oats, at the time this action was commenced. Appellant is clearly in error in the above contention. There is ample evidence which, if believed by the court, would justify it in finding that appellant had failed to account to and deliver to respondent all of his share of the corn raised in the year 1912. So far as the rental of the hay and pasture land is concerned, the contract entered into clearly contemplated that such items as the rental for hay and pasture land should be due on October 1st of the current year. This is clear from a consideration of the whole contract. There was evidence showing that respondent did, on or about October 1, 1913, make a demand upon appellant for the amount due as such rental. So far as the oats are concerned, there was no express provision, either in the main contract or in the supplementary contract, fixing the time when such oats should be paid for; but the oats were to be paid for out of the wheat which would otherwise belong to appellant. Respondent had not divided the 1913 crop, but, at the time of threshing, appellant had undertaken to and did divide the wheat, placing one half thereof in one bin and the other half in another bin. Under the terms of the contracts, these oats were to be paid for out of the wheat. Appellant therefore had no right to take possession

of, and claim as his own, the one-half of such wheat as sufficient of such wheat to pay for said oats belonged to respondent. When appellant took possession of the same as his own, the contract price of said oats immediately became due and payable.

The judgment and order herein are affirmed.