GRAY CONSTRUCTION COMPANY, Respondent, v.
.HYDE, et al., Appellants.

(207 N. W. 536.)

File No. 5282.   Opinion filed March 5, 1926.) ·

1.  Jury—Equity—Statute Providing for Jury Trial on Issues of
    Fact for Recovery of Money Only Applies to Common-Law
    Actions, as Distinquished From Suits in Equity (Rev. |Code
    1919, Sec. 2492).

    Rev. Code 1919, Sec. 2492, providing that issues of fact for
    recovery of money only must be tried by jury, refers to com-
    mon-law actions, as distinguished from suits in equity.

2.  Jury—Waiver—Right to Jury Trial Held Waived by Failure to
    Object to Placing Case on Court Calendar and Failure to
    Demand Jury Until After Their Dismissal for Term (Rev. Code
    1919, Sec. 2492).

    Placing action on court calendar without objection by de-
    fendants and failure of defendants to demand jury until case
    was reached for trial, which was subsequent to dismissal of
    jury for the term, constituted a waiver of right to trial by
    jury, if such right existed, under Rev. Code 1919, Sec. 2492.

3.  Limitation of Actions—Corporations—Statute of Limitations on
    Creditor's Suit Against Stockholders Commences From Time
    Creditor's Cause of Action Accrues.

    Statute of limitation on creditor's suit against stockholders
    to recover unpaid balance of stock to satisfy claim commences
    to run from time creditor's cause of action accrues; not from
    date stock was acquired by stockholders.

4.  Corporations—Constitutional Stockholders' Liability—Stockhold-
    ers Cannot Deny Liability for Corporate Debts to Corporate
    Creditor to Extent of Unpaid Balance on Stock by Reason of
    Having Illegally Acquired Their Stock Without Paying Con-
    sideration Therefor (Const., art. 17, Sec. 8).

    Stockholders, holding themselves out as such, cannot deny
    liability for corporate debts to corporate creditor to extent of
    unpaid balance on stock by reason of their having acquired
    stock in violation of constitutional provision (article 17, Sec.
    8), prohibiting issuance of stock except for money, labor, or
    property actually received.

5.  Corporations—Stockholders' Liability—Liability of Stockholders
    to Corporate Creditor Cannot Be Avoided by Parting with
    Stock, Where There is no Transfer on Books of. Corporation
    (Rev. Civ. Code 1903, Sec. 445 [Rev. Code 1919, Sec. 8830];
    Rev. Code 1919, Sec. 8779).

In suit by creditor entitled to inspect transfer book of corporation under Rev. Civ. Code 1903, Sec. 445 (Rev. Code 1919, Sec. 8830), brought under Sec. 8779 to recover unpaid balance on stock, stockholder cannot avoid liability on ground that he parted with certificate of stock prior to creditor's action, where there was no transfer on corporate books.

6.   Corporations—Stockholders Liability—Equities and Legal Rights Are With Creditor in His Suit Against Stockholders on Unpaid Balance of Stock.

In creditor's suit against stockholders to recover unpaid balance on stock, the equities are with a creditor who furnished labor and materials to corporation.

Appeal from Circuit Court, Condington County; HON. W. N. SKINNER, Judge.

Action by the Gray Construction Company against A. W. Hyde and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*Bailey & Voorhees* and *Kirby, Kirby & Kirby,* all of Sioux Falls, *Cheever & Cheever* and *Alexander & Alexander,* all of Brookings, and *E. W. McLakuhlin,* of Hayti, for Appellants.

*Case & Case,* of Watertown, for Respondent.

(1)  To point one of the opinion, Appellant cited: Kelley v. Gill, 245 U. S. 116, 62 L. ed. 185.

Respondent cited: Gull River Lumber Company v. Keefe, 41 N. W. 743; Grigsby v. Larson, 124 N. W. 856; Boyd v. Reed, 153 N. W. 1093.

(3)  To point three, Appellant cited: Whitney v. Hazzard, 18 S. D. 490; Glover v. Manila G. M. & M. Co., 19 S. D. 559; Frederick Mill. Co., v. Frederick, F. A. Co., 20 S. D. 335; Ritchie v. Peoples Tel. Co., 22 S. D. 598.

Respondent cited: Parmlee v. Price, 70 N. E. 725; Morgan v. Allen, 103 U. S. 493; Glenn v. Liggett, 135 U. S. 533.

(4)  To point four, Respondent cited. O'Deo v. Holly Cemetery Asso. (Cal.), 98 Pac. 6; Memphis Etc. Ry. Co. v. Dow, 120 U. S. 287; Nelson v. Hubbard, 17 L. R. A. 375; Wright v. Shelby R. o., 63 Am. Dec. 522; Keys v. Baskerville, 175 N. W. 874.

Appellant cited; Rogers v. Gladiator Gold Mining & Milling Co., 21 S. D. 412; Randal Printing Co. v. Sanitas Mineral Water Company, 120 Minn. 268; Kemmerer v. St. Louis Blast Furnace

Co., 212 Fed. 63, 128 C. C. A. 519; Mudge v. Black, Sheridan & Wilson, 224 Fed. 919, 140 C. C. A. 597.

(5). To point five, Appelalnt cited: Borland v. Nevadi Bank, 33 Pac. 737; State B. & T. Co. v. Taylor, 25 S. D. 577.

POLLEY, J. The plaintiff in this action was a creditor of the South Dakota Central Railway Company, and the defendants were stockholders in said company. The company became insolvent and unable to pay plaintiff's claim, and plaintiff, claiming that defendant's stock was not fully paid, brought this action to recover from defendants to the extent of the unpaid balance on their stock.

At the commencement of the trial defendants demanded a jury trial. This demand was denied, and the court proceeded to try the case as a court case. The ruling on this question is assigned as error, and presents the first question for determination. Section 2492, Rev. Code 1919, reads as follows:

"An issue at law must be tried by the court or by the judge. An issue of fact for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived as provided in section 2524. Every other issue is triable by the court which, however, may order the whole issue or any specific question of fact involved therein, to be tried by a jury, or may refer it as provided in sections 2530 and 2531."

[1, 2] The provision of this section that provides that issues of fact for the recovery of money only must be tried by a jury refers to common-law actions as distinguished from suits in equity. This case was originally placed on the jury calendar at a regular term of court, but the court, being of the opinion that it was a court case, transferred it to the court calendar. This was done without objection from any of the defendants. The jury cases for said term of court were disposed of, and the jury was dismissed for the term. It was when the case was reached for trial on the court calendar that the question was first raised. This was too late. Defendants by their conduct waived their right to a trial by jury even if such right ever existed. In 35 C. J. Sec. 104, p. 197, it is said:

"The constitutional right to a jury trial in civil cases is mere privilege intended solely for the benefit of the parties litigant and may be waived by them."

And in Owens v. Reed, 153 N. W. 1093, 36 S. D. 184, this court said:

The "appellant waived his right to a jury trial when he did not timely except to the ruling of the court placing the same on the court calendar, and when, without such exception, he allowed the jury to be dismissed."

And in Subelia v. Jelgerhuis, 144 N. W. 125, 32 S. D. 648, we said:

"The defendant waived his constitutional right to demand that the trial be by jury, if indeed he had not already done so by failing to give notice of trial. He thereby made of it a court case."

[3]    It is next contended by appellant that plaintiff's cause of action was barred by the statute of limitations. This contention is based upon the fact that appellants had been holding the stock, by reason of which plaintiff claims its right of recovery, more than six years before plaintiff's right of action accrued. Whether this would be a good defense in a proceeding between the corporation and the stockholders is not an issue in this case. This action is based upon a statutory right in favor of the creditors of the corporation and against the stockholders whose stock is not paid for, and the statute of limitations did not commence to run until the creditors' cause of action accrued. This was not until some time in 1914 or 1915, and the action was commenced in 1917. Parmelee v. Price, 70 N. E. 725, 208 Ill. 544; Morgan v. Allen, 103 U. S. 498, 26 L. ed. 498; Glenn v. Liggett, 10 S. Ct. 867, 135 U. S. 533, 34 L. ed. 262; Hospes v. N. W. Mfg. Co., 50 N. W. 1117, 48 Minn. 174, 15 L. R. A. 470, 31 Am. St. Rep. 637.

[4]    It is next contended by appellants that they were not in any legal sense stockholders in the said railway company, and therefore were not liable for the debts of that company. This contention is based upon that provision of our Constitution (article 17, Sec. 8), which provides that:

"No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void."

Appellants take the position that, having acquired their stock in violation of this constitutional provision, that it is void and should be treated as though it had never existed. However potent

this argument might be in a controversy between a corporation and the illegal holders of its capital stock, it has not place in a suit betwen the creditors of a corporation and its stockholders. The defendants are stockholders on the books of the company. Some, if not all of them, were active in the transactions of the company. They held themselves out to the world as stockholders. Had the business of the company prospered they were in a position to profit by such success. After having occupied this position for years they cannot now be heard to say that because they acquired their stock wrongfully in the first place they are free from the liabilities of legal stockholders. To do so would be to permit them to take adavantage of their own wrong. Schiller Piano Co. v. Hyde, 162 N. W. 937, 39 S. D. 74; Dilzel E. & C. Co. v. Lehmann, 45 So. 138, 120 La. 273; Security Trust Co. v. Ford, 79 N. E. 474, 75 Ohio St. 322, 8 L. R. A. (N. S.) 263; Easton National Bank v. Am. Brick & Tile Co., 64 A. 917, 70 N. J. Eq. 732, 8 L. R. A. (N. S.) 271, 10 Ann. Cas. 84; Shugart v. Maytag, 176 N. W. 886, 188 Iowa, 916; Randall Printing Co. v. Sanitas M. W. Co. 139 N. W. 606, 120 Minn. 268, 43 L. R. A. (N. S. 706.

[5]  Defendant Baker seeks to avoid liability on the ground that he had parted with his stock for a valuable consideration, and had delivered his certificates of stock to another party in 1916, and prior to the commencement of this action. He claims he was promised $25 per share, but that no part of the consideration had been paid, and the stock had not been transferred on the books of the corporation. He testified also that the party to whom he had sold the stock had died in Portland, Or., some four or five years before the trial.

This precise question was before the Supreme Court of Iowa in Shugart v. Maytag, supra, an action brought by a creditor of this same corporation against stockholders living in that state. One of the defendants in that case, as did defendant Baker in this case, cited and relied on what was said by this court in State Banking & Trust Co. v. Taylor, 127 N. W. 590, 25 S. D. 577, 29 L. R. A. (N. S.) 523. That was a case where a stockholder in a corporation pledged his stock to one of his creditors to secure an indebtedness and delivered his certificates of stock to such creditor. While the stock was so pledged another creditor attached the same as it appeared of record on the books of the corporation. There-

after the stock was sold at execution sale, and the contest was between the purchaser at the sale and the pledgee. This court held that the pledgee had the prior right to the stock, and that all the purchaser took at the execution sale was the stockholders' equity. This was upon the ground that the provision in section 445, Rev. C. C. (section 8830, c. 1919), that the stock and transfer book of a corporation "must be kept open for the inspection of any stockholder, member or creditor," is for the benefit of the corporation, but not for the benefit of creditors of a stockholder of the corporation. That case was dealing with a creditor of a stockholder, while in this case we are dealing with a creditor of the corporation, one of the parties for whose benefit the statute was enacted and therefore he had a right to rely upon the record as it appeared in the stock and transfer book of the corporation. We believe this conclusion is fully warranted by the statute itself, by the reasoning applied in State Banking & Trust Co. v. Taylor, supra, and by Shugart v. Maytag, supra, where this precise question was considered by the Supreme Court of Iowa. To give this statute the construction contended for by appellants would be to fritter away by judicial construction all the benefits intended to be conferred by section 8779, because all that would be necessary to defeat the statute would be for the defendant to show by his uncorroborated testimony that he had sold his stock to some third party, and, where such party had died in the meantime, as was the case here, there might be no way to rebut such testimony.

[6] Lastly, it is contended by appellants that the equities of the case are all with them, and that the legal rights of the parties are so evenly balanced that the equities should prevail. We cannot assent to either of these propositions. If any equities are involved they are with the plaintiff, who in good faith furnished labor and material to this corporation, and the legal rights are clearly with the plaintiff. If the stockholders had paid par value for their stock as the law required them to do there would have been no liability on their part to the creditors of the corporation.

The judgment and order appealed from are affirmed.

Note.—Reported in 207 N. W. 536. See, Headnote (1), American Key-Numbered Digest, Jury, Key-No. 14(2), 35 C. J. Sec. 28; (2) Jury, Key-No. 28(1), 35 C. J. Secs. 104, 121, 128; (3) Limitations of

actions, Key-No. 58(4), 37 C. J. Sec. 127; (4) Corporations, Key-No. 232(1), 14 C. J. Secs. 1480, 1563; (5) Corporations, Key-No. 244(1), 14 C. J. Sec. 1593; (6) Corporations, Key-No. 243(1), 14 C. J. Sec. 1480 (Anno.).