GRAY CONST. CO., Respondent, v. HYDE, et al., Appellants.
(222 N. W. 675.)

(File No. 5282. Opinion filed December 31, 1928.)

For former opinion, see 49 S. D. 543, 207 N. W. 536.

*Bailey & Voorhees,* and *Kirby, Kirby & Kirby,* all of Sioux Falls, *Cheever & Cheever,* of Brookings, and *E. W. McLaughlin,* of Hayti, for Appellants.

*Case & Case,* of Watertown, for Respondent.

POLLEY, J. ■ This case is before the court upon a re-hearing heretofore granted. The former opinion of the court is reported in 49 S. D. 543, 207 N. W. at page 536. Oral arguments were made by counsel, and exhaustive briefs have been filed. The briefs, as well as the many cases cited therein, have been examined and given careful consideration. It is pointed out by counsel that we were mistaken in our opinion, in assuming that appellants were directors of the defunct corporation. It is true that some of the appellants were not directors and never took any part in the activities of the corporations, but they were stockholders nevertheless, and, so far as they are original holders of their stock, are within the statute fixing the liabilities of stockholders.

It is pointed out by counsel that some of the appellants did not purchase or receive their stock directly from the corporation, but that they purchased it in the open market for a valuable consideration, and without knowledge that the corporation had not been paid the par value therefor. It is claimed for these appellants that they are in the position of purchasers for value, without notice, and took their stock freed from any infirmities of the original holders.

■ Formerly the rule seems to have been that holders of stock acquired under the above circumstances were liable to the same extent as the original holders, and the rule is stated by Judge Thompson (2 Thompson, Corp. § 2353 [1st Ed.]) as follows: "It is laid down in numerous cases that stock certificates are not nego-tiable, either in form or character, though, as heretofore seen they are often said to be quasi-negotiable. The general consequence of this doctrine is that whoever takes them takes them subject to the burdens and equities that attend them, as in the case of any other negotiable paper, and that, although ignorant of such equities and burdens, his ignorance does not relieve the paper thereof, or en-able him to hold it discharged therefrom."

But the more modern trend of authority is the other way, and Judge Thompson himself at a later date is quoted as saying: "The doctrine of the best courts, English and American, founded on the most obvious conception of justice and commercial convenience, now is that when the shares of a corporation are offered for sale by the person named in the certificate, an intending purchaser is not required to look beyond the recitals of the certificate in regard to the title of the vendor or the equities of the corporation, or to

suspect fraud in the issuing or payment of the shares, where all seems fair and honest; nor is he bound, for any such purpose, to make an examination of the books of the corporation." 36 Century Law Journal, p. 96. And Cook on Corporations (8th Ed.) vol I, § 50, states the rule as follows: "A purchaser of stock is entitled to rely on statements in the corporate books that the stock is paid up. The law goes still further, and holds that where a person in open market, in good faith and without notice, purchases certificates, such stock is deemed to be paid up in his hands, and he is protected as a bona fide purchaser even though there is nothing on the face of the certificates stating that they are paid up." See, also, Steam Stone-Cutter Co. v. Scott, 157 Mo. 520, 57 S. W. 1076; Meyer v. Ruby Trust M. & N. Co., 192 Mo. 162, 90 S. W. 821; Coleman v. Howe, 154 Ill. 458, 39 N. E. 725, 45 Am. St. Rep. 133; Sprague v. National Bank, 172 Ill. 149, 50 N. E. 19, 42 L. R. A. 606, 64 Am. St. Rep. 17; Feehan v. Kendrick, 32 Idaho, 220, 179 P. 507; Brown v. Wright et al, 48 Utah, 633, 161 P. 448.

In view of what we believe to be the correct rule of law on this subject, we now modify our opinion as originally published, and hold that to the extent, and to the extent only, that any of the defendants who purchased their stock in the open market, for value and without notice that the corporation had not been paid in full for the stock when it was issued, such defendants are not liable for the unpaid balance due for such stock.

The case will be remanded to the circuit court with directions to ascertain the necessary facts and proceed further in conformity herewith. No costs will be taxed in this court.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.